UNITED STATES DISTRICT COURT **CV 09 2975**
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

------------------------------------------------------x

YERACHMIEL HILLER, on behalf of himself
and all others similarly situated,

(S.F.)

★ JUL 10 2009 ★

**CLASS ACTION COMPLAINT**

LONG ISLAND OFFICE

Plaintiff,

-against-

**DEARIE, CH. J.**

NELSON, WATSON & ASSOCIATES, LLC

**MANN, M.**

Defendant.

------------------------------------------------------x

Plaintiff, by and through his undersigned attorney, alleges upon knowledge to

himself and his own acts, and as to all other matters upon information and belief, brings

this complaint against the above-named defendant and in support thereof alleges the

following.

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action on his own behalf and on behalf of all others

similarly situated for damages and declaratory and injunctive relief arising from

Defendant's violation of § 1692 of Title 15 of the United States Code, the Fair Debt

Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from

engaging in abusive deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

This is an action for violation of 15 U.S.C. § 1692.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      Plaintiff Yerachmiel Hiller (hereinafter "Hiller") is a resident of the State of

New York, Richmond County.  On or about June 19, 2009, plaintiff received a debt

collection notice from the defendant at plaintiff's home address.  **Exhibit A**.

5.      Defendant Nelson, Watson & Associates, LLC is a Massachusetts limited

liability company engaged in the business of collecting debt with a place of business

located at 80 Merrimack Street, Lower Level, Haverhill, Massachusetts 01830.   Its New

York City Department of Consumer Affairs debt collection agency license number is

1116152.

## CLASS ACTION ALLEGATIONS

6.      Plaintiff brings this action as a New York State class action, pursuant to

Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself

and all consumers and their successors in interest (the "Class"), who have received debt

collection letters and/or notices from the defendant which are in violation of the FDCPA,

as described in paragraphs numbered 15 through 26 of this complaint, as of the date of

plaintiff's complaint. Excluded from the Class is the defendant herein and any person, firm, trust, corporation or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Nelson, Watson, & Associates, LLC.

7.    This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8.    The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violates various specific provisions of the FDCPA.

9.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a.    Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(4), 1692e(5), 1692e(7) and 1692e(10).

b.    Whether plaintiff and the Class have been injured by the defendant's conduct;

c.    Whether plaintiff and the class have sustained damages and are entitled to restitution as a result of the defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.    Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10.    Plaintiff's claims are typical of the claims of the Class, and the plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11.    Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13.    A class action will permit large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a class action Class members will continue to suffer losses of statutorily

protected rights as well as monetary damages.  If defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14.    Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15.    On or about June 19, 2009, defendant sent a collection letter to plaintiff Hiller demanding payment of a debt.  A copy of said letter is annexed hereto as **Exhibit A**.

16.    The collection letter named the creditor to whom the debt is owed as Pinnacle Credit Service.

17.    The collection letter stated:   "Criminal Penalties may be sought as authorized under N.Y. Gen. Oblig. Law § 11-104."  **Exhibit A**.

18.    Upon information and belief, N.Y. Gen Oblig. Law § 11-104 does not provide for criminal penalties.  **Exhibit B**.

19.    Defendant in may instances violated the requirements of the FDCPA, in the following and other respects by falsely referencing criminal penalties in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(4), 1692e(5), 1692e(7) and 1692e(10).

## CLASS ALLEGATIONS

20.     This action is brought on behalf of a New York State class class. The class includes all consumers who received a collection letter from Nelson Watson & Associates, LLC which published to the consumer that "Criminal Penalties may be sought as authorized under N.Y. Gen. Oblig. Law §11-104."

21.   The class period begins one year prior to the filing of this action.

22.   The class is so numerous that joinder of all members is impractical. Upon information and belief, there are several hundred class members. Plaintiff is complaining of standard form letters.

23.   There are questions of law common to the class, which questions predominate over any questions affecting only individual class members. The principle questions presented are whether defendant violated 15 U.S.C. § 1692e, 1692e(4), 1692e(5), 1692e(7) and 1692e(10) by referencing a criminal penalty in a collection letter and falsely representing a New York General Obligation Law as having a Criminal provision.

24.   Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither plaintiff nor his counsel have any interests which might cause him not to vigorously pursue this claim.

25.   Plaintiff's claims are typical of he class, which all arise from the same operative facts and are based on the same legal theories.

26.     A class action is a superior method for the fair and efficient adjudication of the controversy.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment as follows:

(a)     Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative.

(b)     Issue a preliminary and permanent injunction restraining defendants, its employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)     Issue a declaratory Order requiring defendants to make corrective disclosures;

(d)     Awarding plaintiff and the class statutory damages;

(e)     Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

(f)     Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: July 10, 2009
      Uniondale, New York

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile  (888) 522-1692



Exhibit A

# Nelson, Watson & Associates, LLC

80 Merrimack Street Lower Level
Haverhill, MA 01830
Phone: 800-213-2143 • Fax:(978) 469-9046

PO Box 1299
Haverhill MA 01831
RETURN SERVICE REQUESTED

June 19, 2009

Creditor: Pinnacle Credit Services
Acct #:        FX006488
Balance Due: $1177.43

PINN2212066 - A20 - 142
Yerachmiel Hiller
382 Bartlett Ave
Staten Island NY  10312-2102

Nelson, Watson & Associates, LLC
PO Box 1299
Haverhill MA  01831-1799

---

\*\*\* Detach Upper Portion and Return with Payment \*\*\*

142-NWAA2002-FYBC7E36B1

| | |
|---|---|
| Principal: | $1177.43 |
| Total Balance: | $1177.43 |

Creditor: Pinnacle Credit Services
Original Creditor: VERIZON WIRELESS
Acct No.: FX006488

The above referenced account has been placed with this office for collection.  Remittance of the payment in full is hereby requested.

For your security, please make all payments payable to Nelson, Watson & Associates, LLC.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please call Monday through Thursday 8:30am to 9pm EST, Friday 8:30am to 5pm, or Saturday 9am to 1pm EST.

**This communication is from a debt collector.  This is an attempt to collect a debt.  All information obtained will be used for that purpose.**

Sincerely,
Consumer Services Department

THIS COLLECTION AGENCY IS LICENSED BY THE NEW YORK CITY DEPT OF CONSUMER AFFAIRS PERMIT# 1116152

A $10.00 fee will be charged the writer of a check that is returned for insufficient funds.  Criminal penalties may be sought as authorized under N.Y. Gen. Oblig. Law § 11-104

**Please Note:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.  Funds may be withdrawn from your account as soon as the same day we receive the check and you will not receive your check back from your financial institution.

IF YOU WISH TO PAY BY VISA OR MASTERCARD, (CIRCLE ONE) FILL IN THE INFORMATION
BELOW AND RETURN THE ENTIRE LETTER TO US IN THE ENCLOSED ENVELOPE.

  

$ _____        ___/___

| Account Number | Payment Amount | Expire Date |
|---|---|---|

Card Holder Name                                Signature of Card Holder

Exhibit B



1 of 1 DOCUMENT

NEW YORK CONSOLIDATED LAW SERVICE
Copyright © 2009 Matthew Bender & Company, Inc.
a member of the LexisNexis (TM) Group.
All rights reserved

*** THIS SECTION IS CURRENT AS OF JUNE 25, 2009 ***
*** THROUGH RELEASED CH. 1 THROUGH 14, 16 THROUGH 49, 52, AND 56 THROUGH 68 ***

GENERAL OBLIGATIONS LAW
ARTICLE 11. OBLIGATIONS TO MAKE COMPENSATION OR RESTITUTION
TITLE 1. COMPENSATION

**Go to the New York Code Archive Directory**

*NY CLS Gen Oblig § 11-104 (2009)*

§ 11-104. Additional liability of drawer

1. Notwithstanding any contrary provision of law, a drawer negotiating a check who knows or should know that payment of such check will be refused by the drawee bank either because the drawer has no account with such bank or because the drawer has insufficient funds on deposit with such bank shall be liable, except as provided in subdivision four of this section, to the payee who has presented such check for payment, not only for the face amount of the check but also for additional, liquidated damages, where the check is dishonored and the drawer fails to pay the face amount of such check within thirty days following the date of mailing by the payee of the second written demand for payment as provided in this section.

2. In the case of a drawer negotiating a check who knows or should know that payment of such check will be refused by the drawee bank because the drawer has no account with such bank, such additional, liquidated damages shall be in an amount to be determined by the court in light of the circumstances, but in no event shall such amount be greater than twice the face amount of the check or seven hundred fifty dollars, whichever is less.

3. In the case of a drawer negotiating a check who knows or should know that payment of such check will be refused by the drawee bank because the drawer has insufficient funds on deposit with such bank, such additional, liquidated damages shall be in an amount to be determined by the court in light of the circumstances, but in no event shall such amount be greater than twice the face amount of the check or four hundred dollars, whichever is less.

4. The drawer shall not be liable to the payee for the additional, liquidated damages provided for by this section if:

(a) The drawer gave such check as payment for the rental of residential premises; or

(b) The drawer gave such check as payment for residential service supplied by a gas, electric, steam, telephone or water corporation; or

(c) The drawer gave such check as repayment of all, or a portion of, a debt secured by collateral which the payee has repossessed.

5. Defenses which may be asserted against any person not having the rights of a holder in due course, as specified in *sections 3-306 and 3-408 of the uniform commercial code*, shall be available to a defendant in any action or proceeding in which additional liability is claimed under this section.

NY CLS Gen Oblig § 11-104

6. The additional liquidated damages provided for in this section shall be available only to those persons or entities which post or otherwise give conspicuous notice to the public of the additional, liquidated damages which may be imposed pursuant to this section. Such notice shall set forth the additional liquidated damages that may be imposed if a check is dishonored and the section of law authorizing imposition of such damages, and provide notice that criminal penalties also may apply.

7. The first written demand for payment on the dishonored check shall be in the form prescribed by subdivision eight of this section and shall be sent to the drawer's last known residence address or last known place of business by first class mail and by certified mail return receipt requested with delivery restricted to the drawer, on or after the date the payee received notice that such check had been dishonored. The second written demand for payment on the dishonored check shall be in the form provided in subdivision eight of this section and shall be sent to the drawer at the drawer's last known residence address or last known place of business by first class mail on or after the fifteenth day following the date of receipt of the first written demand for payment.

8. The written demands for payment required by subdivision seven of this section, shall be in the following form and shall be printed in at least ten point type in both the English and Spanish languages:

DEMAND FOR PAYMENT OF DISHONORED CHECK

DATE:                    1ST NOTICE

              2ND AND FINAL NOTICE

TO:   --------------- ---------------   WARNING: YOU MAY BE

      NAME OF DRAWER    SUED 30 DAYS AFTER

         ------------------------------   THE DATE OF THIS

         ------------------------------   NOTICE IF YOU DO

         ------------------------------   NOT MAKE PAYMENT

LAST KNOWN RESIDENCE ADDRESS

      OR PLACE OF BUSINESS ----------------------

YOUR CHECK IN THE AMOUNT OF $ ----------- DATED -------- PAYABLE TO THE ORDER OF ------------------
--------- HAS BEEN DISHONORED BY THE BANK UPON WHICH IT WAS DRAWN, BECAUSE:

      YOU HAD NO ACCOUNT WITH THAT BANK.

      YOU HAD INSUFFICIENT FUNDS ON DEPOSIT WITH THAT BANK.

IF YOU DO NOT MAKE PAYMENT, YOU MAY BE SUED UNDER *SECTION 11-104 OF THE GENERAL OBLI-GATIONS LAW* TO RECOVER PAYMENT. IF A JUDGMENT IS RENDERED AGAINST YOU IN COURT, IT MAY INCLUDE NOT ONLY THE ORIGINAL FACE AMOUNT OF THE CHECK, BUT ALSO ADDITIONAL LIQUIDATED DAMAGES, AS FOLLOWS:

-IF YOU HAD NO ACCOUNT WITH THE BANK UPON WHICH THE CHECK WAS DRAWN, AN ADDI-TIONAL SUM WHICH MAY BE EQUIVALENT TO TWICE THE FACE AMOUNT OF THE CHECK OR SEVEN HUNDRED FIFTY DOLLARS, WHICHEVER IS LESS, OR

-IF YOU HAD INSUFFICIENT FUNDS ON DEPOSIT WITH THE BANK UPON WHICH THE CHECK WAS DRAWN, AN ADDITIONAL SUM WHICH MAY BE EQUIVALENT TO TWICE THE FACE AMOUNT OF THE CHECK OR FOUR HUNDRED DOLLARS, WHICHEVER IS LESS.

PLEASE MAKE PAYMENT IN THE AMOUNT OF -------------

TO:    -----------------------------------------------------------------

   NAME OF PAYEE

   --------------------------------------------------------------

   --------------------------------------------------------------

   --------------------------------------------------------------

   ADDRESS TO WHICH PAYMENT

   SHOULD BE DELIVERED

IF YOU DISPUTE ANY OF THE FACTS LISTED ABOVE, CONTACT THE PAYEE IMMEDIATELY.

9. The public service commission shall study the extent to which checks given in payment for residential service supplied by a gas, electric, steam, telephone or water corporation are dishonored either because the drawer had no account with the bank on which the check was written or because the drawer had insufficient funds on deposit with such bank, including the extent of chronic payment with checks that are dishonored and the impact of such dishonored checks on the operating costs of these corporations and their requests for rate increases, and whether any penalty for dishonored checks, in addition to recovery of the utilities' administrative costs, is necessary. The commission shall report to the governor and the legislature no later than one year after the effective date of this section.

**HISTORY:** Add, L 1985, ch 921, § 1, eff Feb 18, 1986, and applicable to checks drawn on or after such date.

**NOTES:**

New York References:
 Rights of One Not Holder in Due Course, CLS *UCC § 3-306*
 Consideration, CLS *UCC § 3-408*

Research References & Practice Aids:
 9 NY Jur 2d, Banks and Financial Institutions § 365

Case Notes:

 Although a debtor prevailed in her suit against various persons and entities involved in collecting a debt (defendants) due to defendants' failure to respond to her summary judgment motion, the debtor was entitled to recovery under the Fair Debt Collection Practices Act, *15 U.S.C.S. § 1692f*(1), because defendants' collection letter stated that they would attempt to collect an amount of damages that was not permitted by law in that the letter stated that if a judgment were to be rendered against the debtor under N.Y. *Gen. Oblig. Law § 11-104*, it could include not only the original face amount of the check and the service charge, but also statutory penalties of twice the amount of the check, even though

NY CLS Gen Oblig § 11-104

the service charge was not recoverable since defendants failed to comply with the notice and mailing requirements of § 11-104. *Larsen v JBC Legal Group, P.C. (2008, ED NY) 533 F Supp 2d 290.*